IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ADRIAN A. MILES, #292396 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv61 |
| JACK STAUDE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Came on for consideration, Appellant Adrian A. Miles' motion for leave to proceed *in forma pauperis* on appeal (docket entry #83) from the dismissal of his civil rights lawsuit and entry of judgment against him following a bench trial. Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal *in forma pauperis* shall be denied if the district court determines that the appeal is not taken in "good faith" (*i.e.*, if the appeal fails to present a nonfrivolous issue). *Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); *United States v. Benitez*, 405 Fed. Appx. 930, 930 (5th Cir. 2010) (per curiam). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *United States v. Pineda-Arrellano*, 492 F.3d 624, 630 (5th Cir. 2007), *cert. denied*, 552 U.S. 1103, 128 S. Ct. 872, 169 L. Ed. 2d 737 (2008). Similarly, under Fed. R. App. P. 24(a)(3)(A), the Appellant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam).

For the reasons stated in the Memorandum Opinion and Order of Dismissal (docket entry #77), the Court certifies that the Appellant's appeal is not taken in good faith. 28 U.S.C. §

1

1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (to comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). It is accordingly

**ORDERED** that the motion for leave to proceed *in forma pauperis* on appeal (docket entry #83) is **DENIED**.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Appellant may challenge this finding pursuant to *Baugh v. Taylor*, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the Appellant moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

Adrian A. Miles, #292396, submitted an application stating he has no functional funds and no source of funds with which to pay in advance the filing fee on appeal. Further, he attached an inmate trust fund account data sheet showing that he has a balance of $19.72 in his trust account, all of which is on hold due to a $448.00 debt he owes to the Texas Department of Criminal Justice. He received no deposits over the preceding six months. Therefore, he will not be assessed an initial partial filing fee. Nonetheless, that does not relieve the Plaintiff of the responsibility of paying the $455.00 filing fee or any partial fees connected therewith, unless and until the Court directs otherwise, regardless of the disposition of the appeal.

The Appellant shall pay the $455.00 filing fee in periodic installments as funds become available. The Appellant is required to make payments of 20% of the preceding month's income credited to his inmate trust fund account until Appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2),

2

and forward it to the clerk of the district court.

If the Appellant moves to proceed on appeal *in forma pauperis*, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

So **ORDERED** and **SIGNED** this **13** day of **January, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE